IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,155-02






EX PARTE STEPHEN WAYNE NORWOOD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


TRIAL COURT CAUSE NO. 6920-B

IN THE 90TH JUDICIAL DISTRICT COURT

FROM YOUNG COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of burglary of a building, and punishment was assessed at confinement for life. 
No direct appeal was taken. 

 In pertinent part, Applicant contends he was provided ineffective assistance of counsel
due to an actual conflict of interest, that he has not received credit for all of the time he was
confined pursuant to a parole violator warrant in this cause, and that he has never been
accorded a final parole revocation hearing.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed. Because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from trial counsel and both the criminal institutions and the
parole divisions of the Texas Department of Criminal Justice, or it may order a hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to what credit Applicant has been given for time he was confined on parole violator
warrants, and what dates, if any, Applicant was confined pursuant to a parole violator warrant
in this cause. Furthermore, the trial court shall make findings of fact whether or not
Applicant waived a final parole revocation hearing or whether he has been accorded a final
revocation hearing, and if so, when the date that hearing occurred. Finally, the trial court
shall make findings of fact concerning Applicant's assertion that he received ineffective
assistance of counsel because counsel had an actual conflict of interest. The trial court shall
also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 30th DAY OF AUGUST, 2006.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.